T. W. McDonald v. General Construction Company
of Davenport, Iowa, Appellant.

**Contracts:** PERFORMANCE: SETTLEMENT: EVIDENCE.   In this action
1   to recover an alleged balance claimed to be due plaintiff the evidence
is held to require a submission of the question of whether the
last estimate and voucher issued therefor was intended as a final
settlement and payment to plaintiff.

**Same:** CONSIDERATION: STATUTE OF FRAUDS.   Where a contractor
2   agreed to complete the work free of all liens and plaintiff, who
had performed work for a subcontractor, was entitled to a lien
therefor but waived his right thereto upon the promise of the
contractor to pay the amount due him, there was an independent
promise on the part of the contractor, for which the waiver of
the lien was a sufficient consideration.

*Appeal from Lee District Court.*—Hon. Henry Bank, Jr.,
Judge.

Thursday, September 21, 1911.

The opinion states the case.—*Affirmed.*

*Hamilton & Hamilton,* for appellant.

*John P. Hornish* and *D. F. Miller,* for appellee.

Sherwin, C. J.—The defendant contracted with the
Atchison, Topeka & Santa Fe Railway Company to build a
second line of track upon its right of way from Nixon, Lee
County, Iowa, to Wyaconda, Clark County, Mo., and under-
took to promptly pay all subcontractors, materialmen, la-
borers, and other employees, and before final settlement to
furnish satisfactory evidence to the chief engineer of said
railway company that the work covered by its contract

was free and clear from all liens for labor or materials, and that no claim then existed against the same for which any lien could be enforced. Thereafter the General Construction Company sublet all of the team work under its contract with the railway company to Rankin & Willard, and the latter firm still later sublet by oral contract the team work for two miles of the new road to the plaintiff herein. Rankin & Willard become financially involved and abandoned the work before its completion. The plaintiff claims that, after Rankin & Willard had abandoned their contract, he refused to proceed further with his contract, and informed the defendant that he would file a mechanic's lien at once for the amount due him; that the defendant requested him not to file the said lien, and stated that the Construction Company assumed the contract of Rankin & Willard, and agreed that, if the plaintiff would go on and complete his contract, the Construction Company would pay for the work already done, and pay the price agreed upon by plaintiff and Rankin & Willard for the work still to be done. The plaintiff completed his work satisfactorily to all concerned, and brought this suit to recover the remainder of the amount claimed to be due under his contract. He recovered, and the defendant appeals.

I.    As the work progressed, monthly estimates were made by the engineer of the contractors, and payments made on said estimates, less ten percent, which was retained until the completion of the contract. These estimates enumerated the different kinds of work done by the contrator and the amount due therefor, and were generally receipted. The final estimate was made and voucher issued therefor in September, 1907, and the defendant claims that this constituted a final settlement, and concludes the plaintiff. An estimate of the whole work was made by the railway company's engineer some time after this, and he found that the engineer of the Construction Company had underestimated

1. Contracts: performance: settlement: evidence.

plaintiff's work. We think the question whether the last estimate and voucher was intended by the parties as a settlement in full was properly submitted to the jury. There was evidence tending to show that it was not agreed upon as such a settlement, and that the plaintiff only accepted the voucher on the promise that there should be a later final adjustment of his claim, and, if such was the agreement, the transaction would not be a settlement in full and binding as such.

II. Under its contract with the railway company, the defendant herein agreed to complete the building of the line free and clear of all liens. The plaintiff had done work under his contract with Rankin & Willard, for which he was entitled to a lien, and this right he threatened to exercise when Rankin & Willard quit. He waived this right, however, upon receiving from the defendant its promise to pay him the amount due him from Rankin & Willard. This agreement, on the part of the defendant, was, under the circumstances, an independent agreement, supported by a sufficient consideration, and is binding. The defendant, in making it, was not undertaking to answer for the debts of another, but was undertaking to carry out its own obligations to the railway company.

2. Same: consideration: statute of frauds.

It is also contended that the verdict is not supported by the evidence, and that, in any event, the verdict was too large by $115. We think the verdict was justified by the evidence, and the payment of the $115 for an item called "overhaul" seems to have been accounted for in one of the credits given the defendant by the plaintiff; so, unless the jury disregarded an admitted credit in making up the amount of its verdict, there will be no double payment of the $115. The instructions properly presented the material questions to the jury.

We find no error for which the judgment should be disturbed. It is therefore *affirmed.*